IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH T. SORENSON,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE ARTURO RIFFO, ET AL.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:06-CV-749 TS |

      This matter is before the Court on Defendants' Motion to Dismiss Causes of Action without Prejudice.[1]

      A brief procedural history follows. On September 6, 2006, Plaintiff filed his complaint, alleging: (1) Section 10(b)-5 Federal Securities Fraud, (2) Securities Fraud under the Utah Uniform Securities Act ("Utah Act"), (3) Unlawful Sales of Unregistered Securities under the Utah Act, (4) Negligent Misrepresentation, (5) Fraud, and (6) Civil Conspiracy. On October 6, 2006, Defendants filed a Motion to Dismiss, arguing that Plaintiff was barred from filing suit in federal court due to a forum selection clause in a contract between the parties which required any

---

[1]Docket No. 16.

suit to be brought in the Third District Court of the State of Utah.[2]  This Court denied Defendants' Motion,[3] holding that the clause pertained only to actions seeking to enforce the underlying contract.  The Court then ordered non-binding mediation and stayed this action.  Mediation, completed on February 27, 2007, was not successful.  Defendants then filed the instant Motion seeking to dismiss Plaintiff's state law claims without prejudice.

In connection with their Motion, Defendants seek to bring contract-based counterclaims against Plaintiff.  The counterclaims would necessarily fall within the scope of the abovementioned forum selection clause, as per the prior ruling of this Court.  Defendants argue that they are entitled to have their contract claims heard in state court, and that, with Plaintiff's claims in federal court, the parties risk having conflicting judgments over the same claims.  Accordingly, Defendants ask that all of Plaintiff's claims—with the exception "Plaintiff's one true federal cause of action," Section 10(b)-5 Federal Securities Fraud—be dismissed without prejudice for re-filing in state court.  Defendants argue that "Defendants' right to litigate their claims in the agreed-upon forum should not be defeated 'simply by [Plaintiff] winning a race to court.'"[4]

Plaintiff opposes Defendants' Motion.  Plaintiff argues that all claims in this matter can be heard in the federal forum, that proceeding in any other manner would improperly fragment

---

[2] The clause states that "[n]o action to enforce this Agreement shall be commenced or maintained in any court other than the Third Judicial District Court in and for Salt Lake Coutny, State of Utah."  Docket No. 16, Ex. 1.

[3] Docket No. 12.

[4] Docket No. 22, at 3 (citing *Pendelton Enters., Inc. v. Iams Co.*, 851 F.Supp. 1503, 1505 (D.Utah 1994)).

this action, and that Defendants, by filing their proposed Answer and Counterclaim, are prepared to move forward in federal court. Plaintiff also argues that his pendant claims, which arise out of a common nucleus of operative fact with his federal claim, are properly before this Court.

The Court will deny Defendants' Motion. Federal district courts have discretion to hear pendent state claims where there is a substantial federal claim arising out of a common nucleus of operative fact.[5] As Plaintiff properly points out, there is a substantial federal claim here. Moreover, Plaintiff's state law claims arise out of a common nucleus of operative fact. Therefore, Plaintiff's state law claims are properly before this Court.

Defendants' concern that their right to litigate the contract-based counterclaims in the agreed-upon forum is defeated by Plaintiff winning a race to court is unfounded.[6] If Defendants want to assert their counterclaim against Plaintiff, they should bring it in state court, as the parties previously agreed, rather than attempt to persuade the Court to use its discretion to open a backdoor to the conclusion reached in the Court's prior Order.

---

[5] 28 U.S.C. § 1367(a); *see also United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

[6] *Sokkia Credit Corp. v. Bush*, 147 F.Supp.2d 1101, 1105 (D. Kan. 2001) (holding that compulsory counterclaim rule did not apply to bar party from later asserting claims under contract because contract contained forum selection clause designating different forum); *see also Publicis Commc'n v. True N. Commc'ns Inc.*, 132 F.3d 363, 365 (7th Cir. 1997) (same).

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 16) is DENIED.

DATED   May 7, 2007.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge