IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH T. SORENSON, an individual,<br><br>    Plaintiff,<br><br><br><br><br><br><br><br>                              vs.<br><br><br><br>JOSE ARTURO RIFFO, an individual, ALAN C. MONSON, an individual, CRYPTO CORPORATION, INC., a Utah corporation, GLOBAL DATABASE INFORMATION SYSTEMS, INC., a Utah corporation, and DIPPARDO FINANCIAL & GUARANTY GROUP, INC., a Utah corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING THIRD-PARTY DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART COUNTERCLAIM DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br><br><br><br>Case No. 2:06-CV-749 TS |

1

| | |
|---|---|
| CRYPTO CORPORATION, INC., a Utah corporation, GLOBAL DATABASE INFORMATION SYSTEMS, INC., a Utah corporation, and DIPPARDO FINANCIAL & GUARANTY GROUP, INC., a Utah corporation,<br><br>    Counterclaim Plaintiffs,<br><br>    vs.<br><br>JOSEPH T. SORENSON, an individual,<br><br>    Counterclaim Defendant. | |
| CRYPTO CORPORATION, INC., a Utah corporation, GLOBAL DATABASE INFORMATION SYSTEMS, INC., a Utah corporation,<br><br>    Third-party Plaintiffs,<br><br>    vs.<br><br>KATHLEEN SORENSON, an individual, BEVERLY SORENSON, an individual, JAMES L. SORENSON, an individual, and DOE individuals or entities I-XX,<br><br>    Third-party Defendants. | |

This matter is before the Court on the following motions: (1) Motion for Summary Judgment of James L. Sorenson;[1] (2) Motion for Summary Judgment of Beverly Sorenson;[2] (3) Motion for Summary Judgment of Kathleen Sorenson;[3] and (4) Motion for Partial Summary

---

[1] Docket No. 119.

[2] Docket No. 121.

[3] Docket No. 123.

Judgment of Joseph T. Sorenson.[4]  Only the final motion—Motion for Partial Summary Judgment of Joseph T. Sorenson—is contested.  In relation to that Motion, Plaintiff has filed a Motion to Strike[5] and a Motion to Supplement the Record.[6]

For the reasons discussed below, the Court will grant the Motions for Summary Judgment filed by James L. Sorenson, Beverly Sorenson, and Kathleen Sorenson.  The Court will grant in part and deny in part the Motion for Partial Summary Judgment filed by Joseph T. Sorenson.  The Motion to Strike and a Motion to Supplement the Record will be denied as moot.

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[7]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[8]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[9]

---

[4]Docket No. 127.

[5]Docket No. 134.

[6]Docket No. 136.

[7]Fed. R. Civ. P. 56(c).

[8]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[9]*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

## II.  DISCUSSION

A.   MOTION FOR SUMMARY JUDGMENT OF JAMES L. SORENSON, BEVERLY SORENSON, AND KATHLEEN SORENSON

Third-Party Plaintiffs Crypto Corporation, Inc. ("Crypto") and Global Database Information Systems, Inc. ("Global") (collectively, "Third-Party Plaintiffs") have filed a Third-Party Complaint against Third-Party Defendants James L. Sorenson, Beverly Sorenson, and Kathleen Sorenson (collectively, "Third-Party Defendants").  The Third-Party Complaint contains the following causes of action: (1) intentional interference with prospective economic relations; (2) conversion; (3) civil theft; (4) misappropriation of trade secrets; (5) civil conspiracy; and (6) breach of fiduciary duty.

Third-Party Defendants have each filed a Motion for Summary Judgment, seeking judgment in their favor on the third-party claims brought against them.  Each Third-Party Defendant has addressed the claims brought against them.  In addition, the Third-Party Defendants all argue that the Third-Party Complaint does not comply with the requirements of Fed.R.Civ.P. 14(a) and, as a result, judgment should be granted in their favor.  This argument is better classified as a motion to strike the Third-Party Complaint.[10]  Third-Party Plaintiffs have failed to respond the Motions.

Rule 14(a)(1) states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  The Tenth Circuit has stated that "Rule 14's provision for impleading parties is

---

[10]Fed.R.Civ.P. 14(a)(4) ("Any party may move to strike the third-party claim . . . .").

narrow: the third-party claim must be derivative of the original claim."[11]  Third-party claims asserted under Rule 14(a) must involve liability of the third-party plaintiff to the original plaintiff that may be passed on to the third-party defendant.[12]  Third-party claims may not be asserted under Rule 14(a) simply because those claims are related or arise against the same general background.[13]

Here, Third-Party Plaintiffs claims fail to meet the requirements of Rule 14(a).  These claims are not derivative of the original claim.  These claims merely arise out of the same general background as the original claims.  Therefore, the Third-Party Complaint will be stricken and the Third-Party Defendants will be dismissed from this action.

B.      MOTION FOR PARTIAL SUMMARY JUDGMENT OF JOSEPH T. SORENSON

Counterclaim Defendant Joseph T. Sorenson ("Sorenson") seeks summary judgment in his favor and against Counterclaim Plaintiffs Crypto, Global, and Dippardo Financial & Guaranty Group, Inc. ("Dippardo") (collectively, "Counterclaim Plaintiffs") on the first and second causes of action in the Counterclaim, namely breach of contract and breach of confidentiality and non-disclosure agreement.  As to the first cause of action, Sorenson argues that the proper authority for the execution of the contract on behalf of Crypto and Global was not given.  As to the second cause of action, Sorenson argues that the damage component of that

---

[11] *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 n.1 (10th Cir. 1990).

[12] *Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 513 (D. Kan. 2003).

[13] *Id*.

claim fails. Further, Sorenson argues that Dippardo was not a signator to either agreement and, thus, cannot assert a cause of action.

Counterclaim Plaintiffs concede that the agreements are unenforceable by Dippardo. Therefore, summary judgment will be granted in favor of Sorenson and against Dippardo on these two claims. Counterclaim Plaintiffs argue, however, that the Business Asset Purchase Agreement was properly executed and that the breach of confidentiality agreement claim is appropriate.

> 1. *First Cause of Action - Breach of Contract*

On October 7, 2005, Sorenson entered into a Business Asset Purchase Agreement between himself and Crypto and Global. Defendant Jose Arturo Riffo ("Riffo") signed the Business Asset Purchase Agreement on behalf of Crypto and Defendant Alan C. Monson ("Monson") signed the Agreement on behalf of Global.

Sorenson argues that the Business Asset Purchase Agreement is invalid because Defendants Riffo and Monson did not have the authority to sign the agreement on behalf of Crypto and Global respectively. Even accepting Sorenson's arguments as true,[14] the Court is mindful of the following terms of that Agreement:

> Each party warrants and acknowledges that the person executing this Agreement is fully authorized to execute this Agreement by the party for whom his signature appears on this Agreement, and to thereby legally bind the party to the terms and provisions of this Agreement, and that no party shall be able to assert a defense to the enforcement of this Agreement on the basis of a lack of binding authority by the person executing this agreement (Corporate Resolutions for Crypto

---

[14]The Court need not decide at this time whether or not Riffo and Monson had authority to execute the Business Asset Purchase Agreement.

Corporation and Global Database Information Systems, Inc. are attached as Exhibits A & B).[15]

The parties offer differing views as to the proper interpretation of this provision. Counterclaim Plaintiffs argue that by this provision all parties to the Agreement acknowledged that all other parties had the authority to enter the agreement. Counterclaim Plaintiffs further argue that the provision prevents any party from arguing that the contract is invalid based on a lack of authority. Sorenson argues, however, that the provision stands for the proposition that the party representing that he or it has the authority to enter into the Agreement cannot turn around and claim that the Agreement is unenforceable against him or it because he or it did not have the required authority.

The Court finds this provision of the Agreement to be ambiguous.[16] The Court further finds that there are genuine issues of material fact as to the intent of the parties. Therefore, Sorenson's Motion for Partial Summary Judgment must be denied on this ground.

    2.    *Second Cause of Action - Breach of Confidentiality Agreement*

Sorenson seeks summary judgment on Counterclaim Plaintiffs' second cause of action, arguing that the damages provision of that claim fails. Counterclaim Plaintiffs' second cause of action alleges a breach of the confidentiality agreement and seeks liquidated damages in the amount of $12,500.00 per day. Sorenson argues that the confidentiality agreement contains no such liquidated damages provision and, therefore, this claim fails.

---

[15] Docket No. 24, Ex. A, ¶ 9.

[16] *Sackler v. Savin*, 897 P.2d 1217, 1220 (Utah 1995) (Under Utah law, a contract is ambiguous if it supports more than one reasonable interpretation).

The confusion surrounding this issue stems from the fact that the parties have entered into two separate confidentiality agreements over the course of their relationship. On September 27, 2005, Sorenson, Crypto, and Global entered into an agreement entitled Confidentiality and Non-Disclosure Agreement. That agreement contained the following provision:

> All Proprietary Information provided to [Sorenson] shall be returned to [Crypto and Global] within five (5) business days after receipt of a request by [Crypto and Global], in writing. Any such request from [Crypto and Global] may be delivered by facsimile or telecopier transmission, overnight priority delivery service, courier messenger, United States Certified Mail, return receipt request or any other means, where the date and time of delivery and receipt of delivery may be confirmed in writing in the usual course of business. [Sorenson] shall be liable to pay to [Crypto and Global] the amount of $12,500.00 per day as liquidated damages for each day the specific numbered copies of the Proprietary Information is not received by [Crypto and Global] after the initial 48 hour period following receipt by [Sorenson] of a written request under this paragraph.[17]

On October 7, 2005, the same date the parties entered into the Business Asset Purchase Agreement, the parties entered into an Exclusivity and Confidentiality of Information Agreement. That agreement provides: "In the event of a breach of this agreement the wronged party shall be entitled to all remedies in equity and in law to enforce this agreement and to obtain damages and shall also be entitled to recover its reasonable attorneys fees, whether or not litigation is instituted."[18]

It is the Exclusivity and Confidentiality of Information Agreement which is attached to Defendants' Answer, Amended Counterclaim, Third-Party Complaint, and Jury Demand.[19] It is that agreement, not the Confidentiality and Non-Disclosure Agreement, which has been relied

---

[17] Docket No. 129, Ex. J, ¶ 3.

[18] *Id.*, Ex. I, ¶ 8.

[19] Docket No. 24, Ex. A.

upon by the Counterclaim Plaintiffs in this litigation. Therefore, the Court must look to that agreement to determine this issue.

The Exclusivity and Confidentiality of Information Agreement contains no provision for liquidated damages. Counterclaim Plaintiffs concede that if the Exclusivity and Confidentiality of Information Agreement is the proper agreement, their liquidated damages claim is inapplicable.[20] Because it is the Exclusivity and Confidentiality of Information Agreement that Counterclaim Plaintiffs filed with their Counterclaim, their claim for liquidated damages must be stricken. This does not, however, entitle Sorenson to judgment on this claim. Rather, as Counterclaim Plaintiffs point out, they will have to prove any damages at trial. Defendants recognized in their Counterclaim that any such damages would be difficult to ascertain.[21]

Sorenson argues that if Counterclaim Plaintiffs' request for liquidated damages is stricken, their breach of the confidentiality agreement fails because they have not pleaded any other damages claim. While it is true that Counterclaim Plaintiffs rely on the liquidated damages provision of an inapplicable contract, Counterclaim Plaintiffs have sufficiently plead a damages claim. Now, rather than relying on a liquidated damages claim, they have a more difficult job of having to prove any damages at trial. Therefore, Sorenson is not entitled to judgment on Counterclaim Plaintiffs' second cause of action, but the claim for liquidated damages will be stricken.

---

[20]Docket No. 131, at 8 n.2.

[21]Docket No. 24, ¶ 29.

III.  CONCLUSION

It is therefore

ORDERED that the Motion for Summary Judgment of James L. Sorenson (Docket No. 119) is GRANTED.  It is further

ORDERED that the Motion for Summary Judgment of Beverly Sorenson (Docket No. 121) is GRANTED.  It is further

ORDERED that the Motion for Summary Judgment of Kathleen Sorenson (Docket No. 123) is GRANTED.  It is further

ORDERED that the Motion for Partial Summary Judgment of Joseph T. Sorenson (Docket No. 127) is GRANTED IN PART AND DENIED IN PART as set forth above.  It is further

ORDERED that the Motion to Strike (Docket No. 134) and the Motion to Supplement the Record (Docket No. 136) are DENIED AS MOOT.

DATED   October 20, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge