IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH T. SORENSON,<br><br>          Plaintiff,<br><br>vs.<br><br>JOSE ARTURO RIFFO, et al.,<br><br>          Defendants. | MEMORANDUM DECISION<br>& ORDER<br><br>Civil Case No. 2:06CV749DAK |

This matter is before the court on Defendant's Motion to Certify Final Judgment pursuant to Federal Rule of Civil Procedure 54(b) and an outstanding motion in limine, Plaintiff's Motion in Limine to Exclude Defendants from Offering Experts David L. Faust and Del Jensen as Witnesses and to Exclude Their Report. The court concludes that a hearing would not significantly aid in its determination of these motions. The court, therefore, has carefully considered the parties' arguments and law and facts relating to the motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

## DISCUSSION

### I. Defendants' Rule 54(b) Motion for Entry of Final Judgment

Defendants request that this court enter final judgment under Rule 54(b) of the Federal Rules of Civil Procedure with respect to the dismissal of its counterclaims in the court's June 12, 2009 Findings of Fact and Conclusions of Law and Order. Plaintiff's claims are scheduled to go

1

to trial on November 30, 2009. Defendants contend that the court's June 12, 2009 Order effectively bifurcated the case and an appeal as to the counterclaims would have no impact on the trial of Plaintiff's claims.

In a case involving multiple claims and counterclaims, Rule 54(b) allows a court to "direct the entry of a final judgment as to one or more but fewer than all claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Accordingly, an analysis of whether Rule 54(b) certification is appropriate requires the court: (1) to determine that the order to be certified is a final judgment; and (2) to find there is no just reason to delay appellate review of the order until the conclusion of the entire case. *See Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001); *McKibben v. Chubb,* 840 F.2d 1525, 1528 (10th Cir. 1988).

In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). The court should consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980). The separability requirement must be satisfied in order for the judgment to be considered "final." *Old Republic Ins. Co. v. Durango Air Serv., Inc.,* 283 F.3d 1222, 1225 (10th Cir. 2002); *see also Oklahoma Turnpike Auth.,* 259 F.3d at 1243.

In this case, Defendants' counterclaims were dismissed as a sanction for misconduct. The

court's ruling indicates that information found by it with respect to Defendants' misconduct may be used at the trial on Plaintiff's claims for impeachment purposes. Therefore, the issues Defendants attempt to resolve on appeal will, in fact, impact the trial of Plaintiff's claim. The court finds that the issues are not so separable as to support Defendants' immediate appeal of the issues. The Supreme Court has directed district courts to exercise discretion "in the interest of sound judicial administration" to determine when each final decision in a multiple claims action is ready for appeal. *See Curtis-Wright*, 466 U.S. at 8 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 437). The court finds no compelling reason to separate the counterclaims for an immediate appeal given that the remaining claims in the case are ready for trial and the entire case can be appealed in a matter of months.[1] The risk of piecemeal appeals presented in this case is greater than any potential inequities that could result from delaying an immediate appeal on the counterclaims. For these reasons, the court denies Defendants' Rule 54(b) Petition for Final Judgment.

## II. Motion in Limine

Plaintiffs filed a Motion in LImine to Exclude Defendants from Offering Experts David L. Faust and Del Jensen as Witnesses and to Exclude Their Report. This motion in limine was filed in February 2009 prior to a previous date set for trial. The motion is fully briefed. However, the motion was briefed by Defendants' prior counsel. Defendants have notified the court that new counsel will be taking over their representation. Due to these circumstances, the

---

[1] The court notes that the current trial date of November 30, 2009, will need to be rescheduled due to a criminal matter. The court will wait to reschedule the trial until Defendants' new counsel officially enters the case. The court, however, will endeavor to reschedule the trial as soon as the court's calendar permits.

court believes it would be appropriate for Defendants new counsel to have an opportunity to review the issue and the opposition filed by prior counsel.

In addition, this motion in limine was filed when the case was assigned to Judge Waddoups. Several matters were raised and decided by Judge Waddoups since the motion was filed, and this court is unclear on whether any of those matters impact the issues involved in the motion in limine. The court, therefore, at this time, denies the present motion in limine without prejudice. Plaintiff may renew the motion within thirty days of the date of this Order, including any new briefing that may be necessary or appropriate. Defendants may then respond with any new briefing they deem necessary. After Plaintiff's reply memorandum, the court will notify the parties as to whether the court will hold a hearing on the motion.[2]

## CONCLUSION

For the reasons stated above, Defendants' Petition to Certify Final Judgment pursuant to Federal Rule of Civil Procedure 54(b) [Docket No. 255] is DENIED; and Plaintiff's Motion in Limine to Exclude Defendants from Offering Experts David L. Faust and Del Jensen as Witnesses and to Exclude Their Report [Docket No. 186] is DENIED WITHOUT PREJUDICE at this time, to be renewed within thirty days if necessary.

---

[2] Due to the court's need to reschedule the current trial date, the court will have adequate time to consider the motion in limine prior to trial. The court cautions Defendants, however, that this ruling should not delay the appearance of its new counsel. As stated before, the court will reschedule the trial date to begin as soon as the court's calendar permits. The court further cautions Defendants that corporations may not proceed pro se in this court. Defendants' recent filing of a Status Report, purportedly on behalf of all Defendants, is accepted by the court only to the extent that it is filed on a pro se basis for the individual Defendants. The court will strike anything filed pro se on behalf of the corporate Defendants.

DATED this 14th day of September, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge