IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH T. SORENSON,<br><br>                     Plaintiff,<br><br>vs.<br><br>JOSE ARTURO RIFFO, et al.,<br><br>                     Defendants. | MEMORANDUM DECISION<br>& ORDER<br><br>Civil Case No. 2:06CV749DAK |

      This matter is before the court on Plaintiff's Motion for Constructive Trusts, filed June 22, 2010. Although the time to oppose the motion has passed, Defendants Jose Arturo Riffo and Dippardo Financial & Guaranty Group, Inc. have not responded to the motion. The court, therefore, will determine the motion based on the motion and memoranda submitted by Plaintiff as well as the facts and law relating to the motion.

      Plaintiff alleges that money was used from an account of Dippardo to acquire two fixed annuities/fixed life insurance in the amount of $200,000 each and to acquire real estate in West Valley City, Utah and Graham County, Arizona. Plaintiff asserts that these funds are traceable to the Dippardo account where Plaintiff wire transferred $2.5 million on October 18, 2005. It is clear from the presented evidence that Plaintiff's $2.5 million wire transfer made it possible for Dippardo and/or Riffo to purchase the annuities/life insurance and real estate.

      Plaintiff, therefore, seeks a constructive trust on the annuity/life insurance for which "JA

1

Riffo" and "Ana M Riffo" are shown as the customer. Plaintiff requests that the annuity/life insurance be deposited with the court. Plaintiff also seeks a constructive trust on whatever interest Dippardo and/or Riffo has or have in the West Valley and Graham County properties.

Utah law recognizes the use of constructive trusts when (1) specific property can be traced to the wrongful behavior, (2) there is unjust enrichment, and (3) there is a wrongful act. *Wilcox v. Anchor Wate Co.*, 2007 UT 39 ¶ 34 (2007). Utah law recognizes Section 160 of the Restatement of Restitution which "provides that a constructive trust may arise 'where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Parks v. Zions First Nat'l Bank*, 673 P.2d 590, 599 (Utah 1983).

The court concludes that the use of a constructive trust prior to final judgment is appropriate in this case. The money used to purchase the annuities/life insurance and real estate can be traced to the $2.5 million Plaintiff wired to the Dippardo savings account. Riffo, who was the President of Dippardo at the time, knew that the $2.5 million came from Plaintiff. Plaintiff has also adequately demonstrated that the circumstances are such that it would be inequitable for Riffo and/or Dippardo to retain the benefit of the wired funds. The court, therefore, finds it equitable to impose a constructive trust as requested by Plaintiff during the pendency of this litigation. Accordingly, Plaintiff's Motion for Constructive Trusts is GRANTED.

DATED this 13th day of July, 2010.

_____
DALE A. KIMBALL
United States District Judge